UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES H. HAYES,

Petitioner,

v.

JERRY HOWELL, et al.,

Respondents.

Case No. 2:20-cv-00945-GMN-BNW

ORDER

Before the court is respondents' motion to dismiss certain grounds in James H. Hayes' pro se 28 U.S.C. § 2254 habeas corpus petition as unexhausted or conclusory (ECF No. 12). As discussed below, the motion is granted.

**I.     Background & Procedural History**

This case arises out of incidences in early 2016 in Harrah's Hotel & Casino in Las Vegas, when a high number of guests reported items stolen from their rooms (*see* ECF No. 12, p. 2). Harrah's set up a staged hotel room, with $350 in a wallet and other property including an iPad and left the door slightly ajar. In the early morning hours, Hayes checked the door to the room and entered. He took the money from the wallet, and hotel security apprehended him when he exited the room.

In January 2017, a jury found Hayes guilty of burglary (exhibit 39).[1] The state district court sentenced him to a term of 21 to 72 months. Exh. 48. Judgment of conviction was entered on March 13, 2017. *Id*.

The Nevada Supreme Court affirmed Hayes' conviction in 2018. Exh. 146. The Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in 2020. Exh. 207.

Hayes dispatched his federal habeas corpus petition for filing in May 2020 (ECF No. 6). His original petition set forth 7 claims for relief. Hayes filed an addendum setting forth 10 additional claims in July 2020. (ECF No. 6).[2] Respondents now move to dismiss the claims in the addendum as conclusory or unexhausted (ECF No. 12). Hayes opposed, and respondents replied (ECF Nos. 30, 31).

## II.     Legal Standards & Analysis

**Conclusory Claims**

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The court cannot grant relief based on conclusory allegations that are not supported by specific facts. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). **CHECK CITE**.

**Ground VIII**

Hayes asserts that his trial counsel was ineffective for failing to investigate and find a surveillance video that Hayes insists would show that he entered Harrah's to engage in prostitution. Hayes alleges that if the video had been discovered, it would

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 12, and are found at ECF Nos. 13-26.

[2] The court follows respondents' numbering of the claims, with the claims in the addendum following sequentially after the claims in the original petition.

2

show him going to the 17th floor first to arrange to meet a prostitute and then going to the 9th floor to complete the transaction (ECF No. 6, p. 2). Hayes argues that this would demonstrate that he lacked intent to commit burglary when he entered the hotel room from which he stole $350. He contends that the jury would have found that he had no intent to steal at the time he entered the hotel room if they had seen the surveillance footage.

Respondents point out that Hayes does not allege that he told his counsel about any such video. Even assuming video surveillance would have shown that Hayes first went to the 17th floor before going to the 9th floor, that would shed no real light on whether Hayes intended to commit burglary when he entered the 9th floor hotel room. Petitioner fails to explain how this alleged failure by counsel prejudiced him. Ground VIII, therefore, is dismissed as conclusory.

**Ground IX**

Hayes contends that his trial counsel was ineffective because counsel was unaware of entrapment as a defense under Nevada law (ECF No. 6, p. 2). Aside from baldly stating that this prejudiced him, Hayes alleges no specifics for this claim, whatsoever. This is insufficient.  Ground IX is dismissed as conclusory.

**Ground X**

Hayes alleges that his attorney was ineffective because counsel did not prepare him to testify on direct and allowed him to testify to the elements of the crime of burglary, except for intent upon entry (ECF No. 6, p. 2).  Hayes does not dispute that he entered the sting hotel room. He testified at trial that he did not enter the hotel room with the intent to steal but with the intent to meet a prostitute. Thus, the record belies his contention that he was not prepared to testify regarding intent. Ground X is dismissed as conclusory and palpably incredible.

**Ground XI**

Hayes argues that his attorney was ineffective for failing to interview Hayes "in-depth" to better assist in the investigation of the case (ECF No. 6, p. 2). This ground is

vague, and Hayes fails to allege what such an in-depth interview would have yielded that would have aided in his defense. Accordingly, ground XI is conclusory and is dismissed.

**Ground XII**

Hayes asserts that his attorney was ineffective because he should have located some women with whom Hayes had arranged to engage in prostitution and have them testify or obtain text messages to show that they gave Hayes the room number on the 9th floor.

Respondents argue this claim is palpably incredible. Hayes testified at trial and could only give the first name of the prostitute and no further information. He could not provide the room number on the 17th floor where he claimed he went before heading to the 9th floor. *See* exh. 38, pp. 44-46. Finally, it is nonsensical that a prostitute would have happened to send Hayes to the one room in the entire hotel where security was conducting a sting. The court agrees that ground XII is subject to dismissal as palpably incredible and frivolous.

**Ground XIII**

Hayes contends that his attorney was ineffective for failing to obtain an expert witness to challenge the reliability of the video evidence because the video had the incorrect date and/or time stamp (ECF No. 6, p. 3). However, Hayes fails to explain how the date or time were incorrect. Further, respondents point out that in ground 1 Hayes asserts that the State committed a *Brady* violation by failing to turn over the surveillance video until shortly before trial. Thus, it is unclear how trial counsel could have been ineffective by not securing an expert when the video was only turned over shortly before trial. Ground XIII is vague and is summarily dismissed.

**Ground XIV**

Hayes argues that his trial attorney was ineffective for not submitting proposed jury instructions in writing concerning lesser-included offense instructions (ECF No. 6, p. 3). Respondents argue that it is unclear exactly to what Hayes refers in this claim, that

4

is, does Hayes mean a jury instruction about "lesser-related offenses" or "lesser-included offenses." Hayes offered no clarification in his opposition to the motion (*see* ECF No. 30). Ground XIV is dismissed as vague.

**Grounds XV and XVI**

Hayes asserts in ground XV that his appellate counsel was ineffective for failing to assert claims of error that were supported by the record (ECF No. 6, p. 4). In ground XVI Hayes contends that his appellate counsel was ineffective for failing to cogently argue meritorious claims of error, such as Hayes' "theory of the case instruction." *Id*.

These vague claims are impossible for respondents to answer, and Hayes made no attempt to clarify in his response to the motion (*see* ECF No. 30). Grounds XV and XVI are dismissed.

**Ground XVII**

Hayes asserts that his appellate counsel rendered ineffective assistance when he made the factual misstatement in the opening brief that Hayes was seen going down the hallway on the 9th floor checking every door to see if any were ajar, when Hayes claims he only checked the one door (ECF No. 6, p. 4; exh. 104, p. 13). Hayes fails to explain how the alleged misstatement prejudiced him on appeal. He had testified at trial that he went straight to the one room on the 9th floor where he had arranged to meet a prostitute; the door was ajar, and he entered the room. Exh. 38, pp. 41-62. The jury also viewed the surveillance video. *Id*. Ground XVII is dismissed as conclusory.

**IV.   Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 12) is **GRANTED** as follows:

Grounds VIII through XVII are **DISMISSED**.

**IT IS FURTHER ORDERED** that respondents' four motions for extension of time to file a response to the petition (ECF Nos. 8, 9, 10, 11) are all **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents have **45 days** from the date of this order to file an answer to petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner has **30 days** following service of respondents' answer in which to file a reply.

DATED: 9 August 2021.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE