UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES H. HAYES,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>JERRY HOWELL, et al.,<br><br>　　　　　　　　Respondents. | Case No. 2:20-cv-00945-GMN-BNW<br><br>ORDER |

　　　In June 2022, the court denied *pro se* 28 U.S.C. § 2254 habeas corpus petitioner James H. Hayes' petition on the merits and denied a certificate of appealability. (ECF No. 59.) Judgment was entered. (ECF No. 60.) Hayes has now filed a motion to alter or amend judgment. (ECF No. 61.) As discussed below, the motion is denied.

　　　Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

　　　Rule 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Habeas corpus petitioners cannot "utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA" or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions. *Calderon v. Thompson*, 523 U.S. 538, 547 (1998); *see also*

1

*United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir.2011) (per curiam) ("[A] state prisoner may not rely on Rule 60(b) to raise a new claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254.").

AEDPA generally limits a petitioner to one federal habeas corpus petition and precludes "second or successive" habeas corpus petitions unless the petitioner meets certain narrow requirements. *See* 28 U.S.C. § 2244(b). The statute provides that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless" it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on newly discovered facts that show a high probability of actual innocence. *Id*. § 2244(b)(2)(A)-(B); *see also Gonzalez*, 545 U.S. at 529–30.

In *Gonzalez*, the Court held that a legitimate Rule 60(b) motion in a habeas action "attacks ... some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bas[e]s for relief from a state court's judgment of conviction." 545 U.S. at 530, 532.

Here, Hayes argues that he lacked specific intent to commit burglary, black and Hispanic people were systematically excluded from the jury venire, and insufficient evidence supported the guilty verdict. (ECF No. 61.) He does not attack the integrity of the federal habeas proceedings; he asks for a second chance to have the merits of his petition determined favorably. Thus, this filing is not a Rule 60(b) motion but instead is a second or successive habeas corpus petitions, which is proscribed under AEDPA. 28 U.S.C. § 2244(b).[1] Therefore, Hayes' motion is denied.

---

[1] Petitioner would have to obtain authorization from the court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

**IT IS THEREFORE ORDERED** that petitioner's motion to alter or amend judgment (ECF No. 61) is **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that petitioner's motion to compel judgment and rule on petitioner's motion to alter or amend judgment (ECF No. 74) is **DENIED** as moot.

DATED: 14 October 2022.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE